## Travaglia et al. v. Weinel et al.

*Andrew G. Uncapher*, for plaintiffs.
*Marquis M. Smith*, for defendants.

LAIRD, P. J., November 23, 1951.—Plaintiffs seek an injunction against defendants at the above number to restrain defendants from obstructing, closing or otherwise interfering with plaintiffs' access to and passage over what is termed Fourth Street in the Village of Chambers, Washington Township, Westmoreland County, Pa., and that defendants be further required to forthwith remove a certain fence described in the bill of complaint and other relief.

To this petition defendants have filed two preliminary objections as follows:

"1. The plaintiffs rely for recovery upon an alleged plan of lots as set forth in the bill which the records show is not a plan of record, and have failed to include a copy of the said alleged plan or the parts as referred to in said bill, and thus fail to comply with the requirements of Equity Rule 34.

"2. The plaintiffs' exhibit E which, as averred in the plaintiffs' bill, is a copy of the description of the deed of the defendants' real estate involved, shows no reference to the defendants' deed as being part of the alleged plan referred to in the plaintiffs' bill, nor does the said exhibit E show that the said lot of ground owned by the defendants is lot no. 85 in said plan, nor

does it show that lot is bounded on the east by Fourth Street 'as shown in said plan'."

After argument and upon due consideration, we are constrained to believe that the preliminary objections should be sustained.

In paragraph 8 of the bill of complaint, plaintiffs allege that the plan of Chambers was made pursuant to a survey made in 1887, in which they allege that certain streets and alleys were dedicated to public use. No such plan appears to be of record and no copy of the alleged plan appears in any of the pleadings. Equity Rule 34 requires that a copy of all writings upon which a plaintiff relies in his bill of complaint must be attached to the pleadings and made a part thereof.

Plaintiffs apparently are relying, as a basis for their suit, upon a dedication of streets according to an unrecorded plan, of which they show no existence; neither is a copy of the alleged plan included in the bill or among any of the papers filed at the above number. Plaintiffs' deeds apparently do not rest upon any such plan and if defendants are required to answer, they are entitled to have an available copy of the plan furnished them.

Equity Rule 34 provides, inter alia, that "Every bill shall contain, in a concise and summary form, a statement of the facts on which the plaintiff relies. . . . If plaintiff relies upon a written instrument for recovery, a copy of the material parts thereof must be included as an exhibit to the bill."

The courts have repeatedly upheld the necessity of attaching the instrument in writing upon which the bill depends. See Scranton v. Scranton Coal Co., 31 Lack. Jur. 61; McDonough v. Crowley, 23 Del. Co. 209; Schoen v. Lipkin et al., 22 Northamp. 70.

We are, therefore, constrained to believe that defendants' preliminary objections are well taken and should be sustained. However, plaintiffs should be given an opportunity to amend their bill as provided by Equity Rule 49, if they so desire. We, therefore, enter the following decree:

And now, to wit, November 23, 1951, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections filed by defendant be and the same hereby are sustained, and plaintiffs are given 15 days within which to amend their bill, on default of which amendment, the bill may be dismissed at the cost of plaintiffs.